ALPINE BANK OF ILLINOIS, Indiv. and as Assignor to and Servicing Agent for Federal Home Loan Mortgage Corporation, Plaintiff-Appellee, v. STEVEN J. YANCY *et al.*, Defendants-Appellants (Daniel Donahue, as Trustee in Bankruptcy for Steven J. Yancy, *et al.*, Debtors, *et al.*, Defendants).

Second District   No. 2—95—0225

Opinion filed August 28, 1995.

Paul A. Lewis, Lisa M. Nyuli, and Steven B. Ekker, all of Lewis & Nyuli, P.C., of Aurora, for appellants.

Thomas D. Luchetti, Debra A. Delia, and Thomas E. Laughlin, all of Thomas D. Luchetti, P.C., of Rockford, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The defendants, Steven J. Yancy and Louise K. Yancy (Yancys), appeal from an order of the circuit court of Winnebago County granting the motion of the plaintiff, Alpine Bank of Illinois (Bank), for possession of residential property and from a subsequent order granting the Bank's motion to enforce possession.

The record reveals the relevant facts to be as follows. On March

12, 1992, the Yancys purchased residential property known as 6639 Snow Cloud Drive, Rockford, Illinois, by procuring a mortgage from the Bank in the amount of $129,600. The mortgage document was a standard Illinois single-family Fannie Mae/Freddie Mac instrument. The Yancys later defaulted on their obligations under the mortgage and filed for chapter 7 bankruptcy sometime in 1994. The exact filing date is not clear from the record. The Bank obtained relief from the automatic stay and then filed its complaint to foreclose mortgage on July 5, 1994. The Yancys were served with the summons and complaint on July 13, 1994, but filed neither an appearance nor an answer.

After giving the Yancys notice, the Bank appeared before the trial court on August 31, 1994, and presented separate motions for default, judgment of foreclosure, and possession. The Yancys did not appear in court. The trial court granted the Bank's motion for default at the outset and later issued both a judgment of foreclosure and an order placing the mortgagee in possession.

Over 30 days passed from the date of judgment until the Bank next made contact with the Yancys, on or about October 4, 1994. At that time, Jeff DeWeerdt, an employee of the Bank, visited the property, spoke with Louise Yancy, and noted that the Yancys were taking care of the property. Thereafter, the Bank provided the Yancys with the order placing the Bank in possession of the property, but not with a notice of default. The Yancys retained counsel and filed their appearance on October 28, 1994.

On November 2, 1994, the Yancys filed motions to vacate the August 31, 1994, orders of default and possession. On that same date, the Bank filed a motion to enforce possession. Agreed orders were subsequently entered staying enforcement of the order placing the mortgagee in possession until further court order and setting a briefing schedule on the Yancys' motions. On January 12, 1995, the trial court denied both of the Yancys' motions and granted the Bank's motion to enforce possession. The Yancys vacated the property on February 2, 1995. This appeal followed.

The sole issue presented on appeal is whether the trial court erred in granting possession of the residential property to the Bank, as mortgagee, subsequent to foreclosure judgment but prior to confirmation of foreclosure sale.

Before reaching the merits of this appeal, we must address the Bank's contention set forth in its brief that this court is without jurisdiction to hear an appeal relative to the August 31, 1994, order granting possession to the mortgagee. More specifically, the Bank argues that the order was interlocutory and that the Yancys' failure

to appeal the order in a timely fashion precludes review of the order now.

■ Supreme Court Rule 307 pertains to interlocutory appeals as of right, and provides in pertinent part:

> "(a) Orders Appealable; Time. An appeal may be taken to the Appellate Court from an interlocutory order of court:
>
> * * *
>
> (4) placing or refusing to place a mortgagee in possession of mortgaged premises;
>
> * * *
>
> The appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal ***." (134 Ill. 2d R. 307(a)(4).)

The August 31, 1994, order placing the mortgagee in possession of the property clearly fits within the Rule 307(a)(4) categorization and was appealable as an interlocutory order. We now examine whether the Yancys' failure to appeal the order within 30 days of its entry precludes review of the order at this time.

The question before us is one of statutory construction. Statutory construction begins with the plain meaning of the language employed and ends there when the meaning is clear. (*People v. Porter* (1993), 156 Ill. 2d 218, 222; see *People v. Picou* (1994), 260 Ill. App. 3d 692, 694-95.) Such is the case at hand. Supreme Court Rule 307 expressly provides that an appeal of an interlocutory order "may" be taken. (134 Ill. 2d R. 307(a).) We have previously held, as a rule of statutory construction, that the word "may" is permissive or discretional as opposed to mandatory. (See *Lake States Engineering Corp. v. One Naperville Corp.* (1986), 148 Ill. App. 3d 836, 841.) Thus, while the Yancys could have appealed the August 31, 1994, order within 30 days of its entry, they were not required to do so.

■ The Bank cites to our decision in *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, in support of its contrary position. There, we found the failure to appeal an interlocutory order placing a mortgagee in possession of mortgaged premises to have barred later review. We dismissed the appeal for want of jurisdiction. In that case, however, it appears that there was no consideration of the permissive language of Rule 307(a). (See *Baird & Warner*, 122 Ill. App. 3d at 138-39.) Accordingly, we decline to be guided by its outcome. We find that the Yancys need not have appealed from the August 31, 1994, interlocutory order to have preserved later review of the order. Our finding is supported by the plain meaning of Rule 307(a) and the reasoning detailed in case law subsequent to *Baird & Warner*. See *People v. Franklin* (1987), 159 Ill. App. 3d 56, 60.

■ Once a final order has been entered, all prior nonfinal orders become appealable. (*Hampton v. Cashmore* (1994), 265 Ill. App. 3d 23, 25.) The January 12, 1995, order denying the Yancys' motions to vacate default and possession and granting the Bank's motion to enforce possession was a final and appealable order. Therefore, with the entry of the January 12, 1995, order, the August 31, 1994, order granting possession to the mortgagee became reviewable once the Yancys chose to appeal the latter order. We thus conclude that we have jurisdiction to hear the instant appeal. The Bank filed a motion to dismiss the appeal and for sanctions pursuant to Supreme Court Rule 375 (134 Ill. 2d R. 375). The motion was ordered taken with the case. As an additional preliminary matter then, we must dispose of the Bank's motion. We have reviewed the motion, the Yancys' response thereto, and the attached documentation. Contrary to the Bank's assertion in its motion, we do not find the record or other documentation to reveal that the Yancys voluntarily waived their right to appeal the January 12, 1995, order. However, the Bank also asserts in its motion that the possession issue is moot by virtue of the fact that the Yancys have vacated the property. We agree and therefore grant the Bank's motion seeking dismissal of the instant appeal as moot. (See *People v. Lynn* (1984), 102 Ill. 2d 267, 272.) Thus, we do not reach the merits of this appeal.

For the foregoing reasons, we dismiss the appeal.

Appeal dismissed.

BOWMAN and HUTCHINSON, JJ., concur.