NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241284-U

NO. 4-24-1284

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 24, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ADAM LEE DURHAM, | ) | No. 19CF675 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Presiding Justice Harris and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court held defendant was denied effective assistance of counsel
when his attorney failed to file a certification of waiver of assessments.

¶ 2    Defendant, Adam Lee Durham, was resentenced on a petition to revoke probation

(PTR) and sent to the Illinois Department of Corrections (IDOC). Defendant claims his attorney

was ineffective for failing to file a certification for waiver of court assessments as prescribed by

Illinois Supreme Court Rule 404(e) (eff. Sept. 1, 2023). We agree and remand.

¶ 3                                  I. BACKGROUND

¶ 4    In June 2019, defendant was charged by information with two counts of delivery of

a controlled substance (720 ILCS 570/401(g) (West 2018)), alleging defendant knowingly and

unlawfully delivered a controlled substance containing alprazolam to a confidential source of the

McLean County Sheriff's Department Criminal Investigations Division. Defendant was later

indicted on the charges by a grand jury, arraigned, and assigned a public defender. After defendant failed to appear for court, a warrant was issued, with bond set at $10,000. Defendant was arrested in another county and posted bond.

¶ 5        In May 2021, defendant entered a negotiated plea of guilty to count I for delivery of a controlled substance. Per the agreement, defendant would plead guilty to count I, pay fines and costs associated with the sentencing order (totaling $2,802 after defendant's $1,000 bond deposit was applied), be sentenced to two days in the McLean County jail (and receive credit for those days), be placed on 30 months' probation (set to end on November 24, 2023), complete any treatment that was required, and have count II dismissed. The trial court found a factual basis to support the charge against defendant and admonished him as to his rights and the implications of entering the negotiated guilty plea. Defendant confirmed he understood his rights and the implications of the guilty plea, and he willingly agreed to the terms of the negotiated plea. The court accepted the guilty plea and informed defendant of his appeal rights.

¶ 6        On August 3, 2023, before the expiration of his probation, the State filed a PTR, alleging defendant had violated the terms of his probation by repeatedly failing to report to his probation officer, failing to provide a substance use evaluation or complete any treatment, admitting to and testing positive multiple times for using cannabis, and committing retail theft, a misdemeanor (McLean County case No. 22-CM-513). A partially negotiated plea was agreed upon. Per the new terms of the open plea, defendant would admit to violating his probation by failing to report as directed 17 times, the State would dismiss the remaining allegations, fines and costs would remain as previously ordered under the original negotiated plea agreement, and any sentence imposed would be left to the discretion of the court.

¶ 7        At the sentencing hearing, a pretrial investigation report (PSI) showed defendant still owed $2,802 in the case at hand and another $8,073 to McLean County in 11 other cases. The PSI addendum showed two new failures to appear in June 2024. Defendant presented a letter from his significant other in mitigation, explaining how important defendant's role was in their family and how they financially relied on him. In aggravation, the State argued probation would depreciate the seriousness of the offense and argued for a five-year sentence in IDOC. Defendant had been on probation numerous times and failed. In response, defense counsel again requested a term of probation, explaining defendant had struggled with mental health and substance abuse since he was a child, but he held a steady job and presented a letter from his boss as further mitigation. Defendant also gave a statement in allocution.

¶ 8        On June 25, 2024, the trial court sentenced defendant to two years and six months in prison, followed by six months of mandatory supervised release and fines, fees, and costs as originally ordered. Defendant filed a motion to withdraw his admission, or in the alternative, reduce his sentence, claiming he did not understand the consequences of his admission and was coerced into admitting the PTR. He also claimed ineffective assistance of counsel. After consulting with his attorney, defendant requested to strike the portion of the motion asking to withdraw the admission to the PTR and proceed solely on the motion to reduce his sentence. Counsel argued the court did not properly weigh all the mitigating evidence, including the fact his family relied upon his full-time income. The court acknowledged, "[W]hile there was mitigation, there was also aggravation," and it denied the motion.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11		Defendant now claims trial counsel was ineffective for failing to file a certification of waiver of court assessments pursuant to Illinois Supreme Court Rule 404(e) (eff. Sept. 1, 2023), which came into effect after defendant's initial negotiated plea agreement in 2021. This rule requires public defenders, criminal legal service providers, and attorneys in court-sponsored *pro bono* programs to file a certification with the court that allows a defendant to be entitled to a waiver of assessments without the generally required formal application. Ill. S. Ct. R. 404(e) (eff. Sept. 1, 2023). Defendant argues the failure to file a Rule 404(e) certificate was objectively unreasonable and prejudicial. Defendant claims there was more than a reasonable probability he would not have been burdened by the assessments had counsel filed the certificate. Defendant requests a remand with directions for counsel to file a Rule 404(e) certificate.

¶ 12		The State argues Illinois Supreme Court Rule 472(a)(1) (eff. Feb. 1, 2024) governs. This rule specifies a defendant may not appeal on grounds of a sentencing error unless it is first raised in the trial court. The State claims the matter should be remanded to the trial court to allow the appropriate motions to be filed.

¶ 13		To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Tate*, 2012 IL 112214, ¶ 18. The defendant must show that (1) his counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *Tate*, 2012 IL 112214, ¶ 18.

¶ 14		Rule 404(e) provides: "In any case where a defendant is represented by a public defender ***, the attorney representing that defendant shall file a certification with the court, and that defendant shall be entitled to a waiver of assessments as defined in 725 ILCS 5/124A-20(a)." Ill. S. Ct. R. 404(e) (eff. Sept. 1, 2022). Generally, use of the word "shall" in a supreme court rule "imposes a mandatory obligation." *People v. Garstecki*, 234 Ill. 2d 430, 443 (2009). Pursuant to

section 124A-20(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/124A-20(a) (West 2022)), " '[a]ssessments' " includes "any costs imposed on a criminal defendant under Article 15 of the Criminal and Traffic Assessment Act [(705 ILCS 135/1-1 *et seq.* (West 2022))]."

¶ 15        Here, the trial court appointed an assistant public defender to represent defendant on his PTR. Pursuant to Rule 404(e), defense counsel had a mandatory obligation to file a certification of waiver of assessments. However, defendant's appointed counsel for the PTR failed to file the certification. This constituted deficient performance under the first prong of *Strickland*. Under the second prong, the failure to file the certificate resulted in prejudice to defendant for having to pay the assessments because, had counsel filed the certificate, the trial court may have granted the waiver. Because defendant established both prongs of his ineffective assistance claim, we remand this matter to the trial court to allow defense counsel to file the Rule 404(e) certification of waiver of assessments.

¶ 16        It should be noted, under the conditions of defendant's prior probation, a balance of $2,082 remained due. This amount was incurred prior to the implementation of Rule 404(e). When defendant was resentenced on the PTR in 2024, no new assessments were imposed. The prior balance was carried forward, and defendant was allowed additional time to pay the overdue balance. The State does not contest defendant's claim of being entitled to a fee waiver. We express no opinion on this matter.

¶ 17                              III. CONCLUSION

¶ 18        For the reasons stated, we remand this matter to the trial court to allow defense counsel to file the appropriate Rule 404(e) certification of waiver of assessments.

¶ 19        Remanded with instructions.